UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

KEVIN W. TARPLEY,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No. 2:08-CV-18-DDN
                                   )
UNKNOWN FORD, et al.,              )
                                   )
            Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Kevin W. Tarpley (registration no. 179539) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $15.17, and an average monthly account balance of $.77. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against the Missouri Department of Corrections, the Moberly Correctional Center, and two Moberly Correctional Center ("MCC") correctional officers: Unknown Ford and Unknown Roark. Plaintiff alleges that, during his confinement at MCC, he was wrongfully charged with a "No. 2 Assault" after defendants Ford and Roark falsely stated that plaintiff spit on Ford. Plaintiff states, "I have been railroaded and had my custody level raised from a level 3 to a level 5 which is a maximum security prison. Also got my date [taken] from me."

**Discussion**

Plaintiff's claims are legally frivolous, because he has no constitutional right to a particular prison classification, and he does not allege a liberty interest created by state law. See Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986); Beard v. Livesay,

798 F.2d 874, 876 (6th Cir. 1986). Moreover, "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)). Thus, plaintiff's claim relative to his conditional release date is also legally frivolous.

The complaint is also legally frivolous as to defendants Missouri Department of Corrections and Moberly Correctional Center. Claims against the Missouri Department of Corrections are barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, a suit against either the Missouri Department of Corrections or Moberly Correctional Center is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

Last, the Court notes that plaintiff's claims are duplicative of claims he raised in a previously-filed action against Unknown Ford and Unknown Rork, which this Court dismissed as legally frivolous on November 6, 2007. See Tarpley v. Ford, No. 2:07-CV-37-DDN (E.D.Mo.). As such, the instant complaint will be dismissed as frivolous and malicious under section 1915(e)(2)(B).

See Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992); Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $3.03 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE